JUNE 10, 1803.

# Henry Duncan *v.* John Finnyhorn and wife.

*Upon a writ of error to reverse a judgment of the Court of Quarter Sessions of Jefferson county.*

1. A motion for a new trial is addressed to the sound legal discretion of a court, and whenever it appears that this discretion has been improperly exercised, its ruling is subject to the revision of this court.

2. The revisory power of the court of appeals extends as well to cases where a new trial has been granted as where it has been refused.

3. In actions of tort, which sound entirely in damage, there is no certain rule by which the measure thereof can be ascertained by a court, and it should not interfere either on account of excessive or insufficient damages, unless the verdict is so outrageously wrong that all men would, upon first blush, exclaim against it.

4. That one of the jurors was an employee of the defendant might be ground for challenge, but not for a new trial, where the fact was known to the plaintiff at the time the jury was elected.

It will be first necessary to observe upon an objection which was started by some of the bar, "that this court ought not to reserve a judgment because an inferior court granted a new trial improperly."

This court, in the cases of *Bush* and *Daniel* and *Ship* and *Radcliff*, determined that they had a right to reverse a judgment given by an inferior court, when they *refused to grant* a new trial upon a proper case made out by a bill of exceptions. A motion for a new trial is an application to the sound, legal discretion of a court, and wherever it appears that this discretion has been improperly and illegally exercised, their decision is subject to the control of a superior court, nor can this court discover any substantial reason why it should interfere where a new trial has been improperly *refused* and not interfere where it has been improperly *granted*—the right exists in both cases or in neither. It is conceived to exist in both where a proper case is clearly made out by a bill of exceptions.

The error assigned in this case is, "that the court below erred in setting aside the first verdict found in the cause and granting a

Duncan *v.* Finnyhorn.

new trial, whereas, they should have rendered a judgment on the verdict.

The judges of the inferior court, in granting this new trial, were governed by different reasons. One judge was of opinion that the verdict would have been a good one, had it not been for the circumstance of the defendant's pushing into the house, but on that account, had he been one of the jury, he would have been for finding fifteen or twenty dollars damages; the other judge was of opinion there ought to be a new trial because the defendant's wagoner was one of the jury. Let these reasons be examined and compared with those upon which new trials have been usually granted. The opinion of the one judge may be considered to embrace two points: The one, that of the defendant's pushing into the house, the other, the damages. As to the first, this is an action of trespass, assault and battery committed on the body of the wife of the plaintiff, and not trespass for forcibly entering the house of the plaintiff; yet that circumstance might properly have been used in aggravation of damages in the suit. As to the damages, the verdict is for the plaintiff, and one penny damages. The judge is of opinion that had it not been for the aggravating circumstance of forcing into the house this would have been a good verdict, but on account of that aggravation, had he been on the jury, he would have given fifteen or twenty dollars damages. This verdict then can not be considered as so outrageously wrong as that all men upon first blush would exclaim against it, and this seems to be the rule laid down in granting new trials for excessive damages, which applies forcibly where an application is made for a new trial on account of insufficient damages. In actions of tort which sound entirely in damages, there is no certain rule by which the measure thereof can be ascertained by a court, and is a sound reason why a court should not interfere either on account of excessive or insufficient damages, the jury is the constitutional tribunal to ascertain them.

The reason of the other judge seems not to be well founded, for if it was an objection at all, it could only be a cause of challenge, which in many cases is not a reason for granting a new trial, nor is it conceived to be a good one in this. Upon an attentive examination into the nature of the action, the evidence, facts and circumstances of this case, this court is of opinion that the new trial was improperly awarded. Wherefore, it is considered by the court that the judgment aforesaid be reversed and set aside with

the subsequent proceedings thereon ; that the cause be remanded to the Jefferson circuit court with directions to enter up a judgment on the first verdict, and that the plaintiff recover of the defendants his costs in this behalf expended, which is ordered to be certified to the said circuit court.