CASE 117—PETITION EQUITY—SEPTEMBER 22.

# Harris, &c., v. Bannon, &c.

### APPEAL FROM LOUISVILLE CHANCERY COURT.

1. A mortgagee cannot enforce his lien against buildings which have been removed from the mortgaged land, and have become part of another freehold.

2. Upon application of a mortgagee, a court of equity will restrain the mortgagor from committing waste where it appears that the mortgage security will be endangered unless the court interferes.

BARNETT & NOBLE FOR APPELLANTS.

Brief not in the record.

BYRON BACON AND LEWIS N. DEMBITZ FOR APPELLEE, PATRICK BANNON.

1. This suit is champertous.

2. The appellant, having urged the sale to the railroad company knowing that it intended to remove the cottages, the doctrine of equitable estoppel should be applied. (Pickard v. Sears, 6 Ad. & Ellis; Gregg v. Wells, Ibid; Stevens v. Baird, 9 Cowen, 274.)

3. A mortgagee having subjected a portion of the mortgaged property, cannot maintain a suit to subject the remainder. The entire property must be subjected in one suit.

4. The removal of buildings from mortgaged lands defeats the lien as to them. The mortgagee's remedy is by injunction to prevent the removal. (Buckout v. Swift, 27 Cal.; Pierce v. Goddard, 22 Pick., 559; Douglas v. Cline, 12 Bush; Woolley v. Holt, 14 Bush; Tarrant v. Lovel, 3 Atkyns, 722; Cooper v. Davis, 15 Conn., 556; Lane v. Hitchcock, 14 Johns., 213.)

Harris, &c., v. Bannon, &c.

R. & L. BUCHANAN for APPELLEE, HIBERNIAN BUILDING AND LOAN ASSOCIATION.

1. The insurance company, by reason of its want of diligence, is estopped to enforce its lien against a purchaser without notice.

2. The cottages having been removed from the mortgaged land, and annexed to other realty, the mortgage lien as to them no longer exists. (Buckout v. Swift, 27 Cal., 433; Cooper v. Davis, 15 Conn., 556; Citizens' Bank v. Knapp, 22 La. An., 117; Pierce v. Goddard, 22 Pick., 559; 2 Kent's Com., 360 and 361; Reese, &c., v. Jared, 15 Ind., 142; Fryatt v. The Sullivan Co., 5 Hill N. Y., 116.)

JUDGE PRYOR DELIVERED THE OPINION OF THE COURT.

The appellant, as assignee of a mortgage executed by Caldwell, Eliton & Co. to the Mississippi Valley Life Insurance Company, instituted this action in equity to subject to the lien created by the mortgage a number of cottage buildings. The land with the cottages upon it had been sold after the execution of the mortgage to the Insurance Company to the Louisville and Southwestern Railroad Company, and this corporation having purchased the property for depot purposes, sold the cottages to one of the appellees, Patrick Bannon, who removed them to lots of which he was the owner.

The cottages and ground upon which they stood were then mortgaged by Bannon to his co-appellant, the Hibernian Building and Loan Association. The sole object of the action is to subject the cottages on Bannon's land and mortgaged to the Building Association to the payment of the mortgage debt, or so much of it as remains unsatisfied. The chancellor below dismissed the petition.

It is maintained by the appellant that the lien followed the cottages to the land of Bannon, and the appellees having constructive notice of the lien by the mortgage of record, the cottages should have been sold to discharge the lien.

In this case the real owner of the land made sale of the cottages and consented to their removal by the purchaser. The mortgagee, as has been adjudged by this court, had only a lien on the property for the payment of his debt, and could only enforce it by going into a court of equity, sub-- jecting the property to its payment.   No action for waste can be maintained by the mortgagee against the mortgagor while the former is the owner and in the possession; nor would the chancellor, upon a bill filed to stay waste, interfere unless the waste complained of endangered the rights of the lien creditor.

This was the recognized doctrine under the ancient rule, where the mortgagee was permitted to maintain his eject- ment for the recovery of the property itself, upon the idea that he was invested with the legal title; and, under the more modern doctrine, where the extent of the mortgagee's interest is his lien for the payment of his debt, we know of no rule of law or equity that will enable the mortgagee to pursue the property when sold by the real owner, and sub- ject it to his lien after it becomes annexed to, and forms a part of, the real estate of the vendee.   While the alienation of the land itself by the mortgagor can only be made subject to the mortgage, his right to cut timber, tear down build- ings, and to do all other acts in regard to his property that he may deem necessary for his interest, is not affected by the mortgage.   He may be restrained from committing waste, and can no doubt be held liable when he impairs the value of the estate mortgaged so as to endanger the rights of the lien creditor, or, in other words, he is liable for the debt in any event, if the property, when subjected, fails. to satisfy it; but when the timber he cuts upon the land or the house that he pulls down and sells to another is.

removed, and becomes a part of other lands by accession or otherwise, it is beyond the reach of the mortgagee's lien. In this case, the ground was purchased with a view of locating the depot buildings of the railroad company upon it, and, to do this, it was necessary to pull down or remove the cottages, and if the purpose of the real owner had been carried out, the property would have been greatly enhanced in value; but the company becoming insolvent, or the depot located at some other point, the removal of the cottages has no doubt lessened the value of the property. It was an exercise of a power by the real owner that has resulted in injury to itself as well as to the mortgagee. In the case of Cooper v. Davis (16 Connecticut), the mill-stones from a grist-mill had been sold by the mortgagor and removed by the purchaser. It was held, in an action by the mortgagee to recover the property, that the title passed to the purchaser, and the appropriate remedy for a mortgagee, when his security is being impaired, is by a bill in equity for an injunction.

In the case of Pierce v. Goddard (22 Pickering), where a lot and dwelling upon it had been mortgaged, and the mortgagee removed the house and used the materials for building a house on another lot owned by him, which he afterwards sold and conveyed to a third person, it was held, as the materials became a part of the freehold, that trover could not be maintained by the mortgagee either for the value of the new house or for the old materials used in its construction.

In the case of Buckout v. Swift (27 California) it was held that the mortgagee of a lot on which a house is standing cannot enjoin the mortgagor from removing the house from the lot except upon proof that the lot without the house would be inadequate security for the mortgage debt. In

that case as well as others it is also held that, after severance by the mortgagor, the latter has the right to sell and the purchaser may convert it to his own use. While it is not necessary to pass upon the rights of the mortgagee in a case where his security has been impaired, and he finds the property severed in the hands of a purchaser, converted from its character of real estate to personalty, we are well satisfied that when it has been removed and becomes a part of another freehold, the lien upon it is gone. We can well see, however, the evil consequences that would result if the lien is to follow the timber, materials, crops, soil, &c., that may be sold and severed from the land by the mortgagor during the existence of the mortgage.

The chancellor acted properly in dismissing the petition, and the judgment is now affirmed. (Clore v. Lambert, 78 Ky. Reps., p. 224.)