## Ross *v.* Meek.

### (*Knoxville.* October 23, 1894.)

1. CHANCERY PRACTICE. *Final decree at return term proper, when.*

   Final decree may be properly entered in a chancery cause at the return term of the process, where, after demurrer had been interposed and overruled, *pro confesso* was properly entered in default of an answer, which, under the practice of the Court, operated as an admission of averments of the bill, sufficient, without other proof or a reference, to entitle complainant to the relief sought.

   Code construed: §§ 5112, 5113, 5137, 5138 (M. & V.); §§ 4369, 4370, 4394, 4395 (T. & S.).

   Case cited and approved: Stone *v.* Duncan, 1 Head, 103.

2. SAME. *Effect of pro confesso.*

   Where, in a suit upon a note exhibited with the bill, the complainant distinctly avers ownership of the note in himself, but his name appears indorsed in blank upon the back of the note, *pro confesso* operates as an admission by defendant of the fact of ownership as stated on the face of the bill.

---

FROM KNOX.

---

Appeal from Chancery Court of Knox County. H. R. GIBSON, Ch.

JOHN W. YOE for Ross.

WASHBURN, PICKLE & TURNER. for Meek.

Ross *v.* Meek.

WILKES, J.   This is a suit on a note exhibited
with the bill.   Subpœna to answer was served in
time for the May term, 1893.   On May 25 defend-
ant appeared and filed a demurrer to the bill.
On June 3 the demurrer was overruled, but no
order was entered directing an answer to be filed,
or fixing any rule-day by which it should be filed.
On June 15, defendant having failed to make any
other defense, an order *pro confesso* was taken
without objection, and on the next day, June 16,
a final decree, based on the judgment *pro confesso*,
was entered, from which defendant appeals to this
Court, and he now assigns as error that the final
decree was prematurely rendered, and the cause
could not be set for hearing and disposed of at
the return-term of the process under the state of
pleading in this case.

The Code, § 4394 (M. & V., § 5137), provides:
"A demurrer or a plea shall be set for argument
at the first term."

Section 5138 (M. & V. compilation), is as fol-
lows: "Upon a plea or demurrer argued and over-
ruled, no other plea or demurrer shall be received,
but the defendant shall answer the allegations of
the bill; and, in case he fails to do so by the
next rule-day, or by the time prescribed by the
Court, the bill may be taken for confessed, or
answer enforced by contempt, as if no such plea
or demurrer had been filed."

Section 5112 (M. & V.) prescribes five cases in
which the bill may be taken for confessed.   The

fourth of these cases is when, a plea or demurrer having been overruled, and the defendant ordered to answer the bill, he fails so to do upon a rule given.

Section 5113 provides that, in the first and second of the above cases, the cause may be set for hearing at the return-term of the process; in the other cases, at the next term after the bill is taken for confessed.

It is insisted that, under these rules of practice, when a plea or demurrer is overruled, the cause may be taken for confessed at that term, but cannot be heard upon the merits until the next term after the bill is taken for confessed. We do not think this the proper construction of subsec. 4, § 5112, before referred to, but that this subsection refers to cases in which the complainant desires to *compel* an answer from the defendant, and, for that purpose, the Court *orders* an answer to be filed, and fixes a rule-day limit, occurring after the close of the pending term. In such case, if the defendant fails to answer by such rule-day, complainant may take his bill for confessed, and the cause shall then stand for hearing at the next term. When the decree overruling the demurrer makes no order for an answer, the defendant has the privilege, under the statute, to answer at once, or at such time as the Court may permit, but, in this case, the defendant answers under the general provisions of the law and not in consequence of any order of Court compelling an answer, and if he

fails to answer or obtain time, the *pro confesso* can be taken forthwith.

The effect of a *pro confesso* is an admission by the defendant that the allegations made in the bill are true. *Stone* v. *Duncan*, 1 Head, 103.

These allegations may be sufficient to warrant the rendition of a decree without more, as, when the action is based upon a note, or when they are sufficiently definite to fix not only the ground of the defendant's liability, but also the amount. In such case, final decree may be taken at once. If, however, the complainant desires to *compel* an answer, and time is extended until after the term to make it, or the allegations are not sufficiently definite to fix the amount of liability and proof, or an account is necessary for that purpose, then the case stands for trial at the next term after the *pro confesso* is taken.

It was never intended by the statute referred to, or by the rules of practice adopted by the Chancellors and enacted into law, which are in accord therewith, that a defendant may put in a formal, insufficient plea or demurrer, and, when that is overruled, neglect or refuse to make other defense, and thereby postpone the hearing of the case and the rendition of a final decree to a subsequent term, when the suit is on a plain note or other evidence of debt, or the allegations taken for confessed need no proof to make them definite as to the extent of defendant's liability.

It is again assigned as error, that the note sued

on appears to have complainant's name on its back in blank, and that this, without explanation, puts the title to the note out of the complainant, and he has no right to sue.

It is sufficient to say that the bill expressly avers ownership by the complainant, and, no plea or answer being filed, the ownership is admitted by the *pro confesso* allowed to be taken.

There is no error in the decree of the Chancellor, and it is affirmed with costs.