CAMERON *et al. v.* CAMPBELL *et al.*

(*Knoxville*, September Term, 1940.)

Opinion filed November 23, 1940.

Poore, Kramer & Cox and Chas. E. McNabb, all of Knoxville, for Fidelity Bankers Trust Co.

Chas. S. Smith, of Knoxville, for A. R. McMurry and wife.

Mr. Justice McKinney delivered the opinion of the Court.

By a cross-bill the defendant, Fidelity Bankers Trust Company, sought a deficiency decree against A. R. McMurry and wife in the sum of $2,536.85. The chancellor decreed a recovery on the cross-bill after crediting same with an item of $1,500, and, upon appeal, his decree was affirmed by the Court of Appeals. The case is in this court upon the petition of the Fidelity Bankers Trust Company for a writ of *certiorari,* by which it seeks a decree for said item of $1,500. The writ has heretofore been granted and argument heard.

The essential facts are as follows: On September 24, 1929, A. R. McMurry and wife executed their note to the bank for $15,000, which they secured by a deed to M. D. Arnold, Jr., in trust, on a lot located on West Church Street in the city of Knoxville.

On October 30, 1930, A. R. McMurry and wife conveyed this lot to Grace Cameron, who assumed the bank debt as part of the consideration.

In 1937 the City of Knoxville entered into a contract with the A. R. McMurry Construction Company, of which A. R. McMurry was president, to widen Church Street, which necessitated the appropriation of a 3-foot strip off the lot in question. The A. R. McMurry Construction Company sublet this contract to the Jay Roehl Com-

pany, who began work on this improvement on November 7, 1937, and completed it sometime in March following.

On November 8, 1937, the city obtained a warranty deed to this 3-foot strip from Grace Cameron and husband which was recorded on November 19, 1937. The recited consideration in said deed was one dollar. The record contains no other evidence as to the consideration.

In December, 1938, default having been made in the payment of said note, the trustee advertised and sold this lot, which was bought in by the bank for $9,750. Its debt at that time was $11,533.30. After paying costs and expenses there was a deficit of $2,940, to recover which the cross-bill herein was filed.

The other courts have concurred in finding that said 3-foot strip was worth $1,500, that the trustee was guilty of a breach of duty in not instituting suit against the city within the one-year period to recover the value of said strip, and that the loss resulting should be charged to the bank. There is ample evidence to support the finding as to the value of this strip.

The bank insists that neither it nor its trustee was under any obligation to A. R. McMurry and wife to sue the city for this strip, and this presents the sole issue which we are to determine.

We think the bank, the Camerons, and A. R. McMurry had actual knowledge of the appropriation of this strip, and acquiesced in its acquisition upon the theory that as a result of this improvement the property, with the 3-foot severance, would bring as much as the entire lot would have brought without the improvement; or that the lot, after the 3-foot severance, was sufficient security for the mortgage debt. The Camerons evidently entertained this view because they voluntarily conveyed this strip to the city for a nominal consideration. There was no request

by the bank or the McMurrys that the trustee proceed against the city, and it was not until it was ascertained after foreclosure that there was a deficit that the Mc-Murrys made claim that the trustee had been derelict in his duty.

In 19 R. C. L., 270, it is said that "the rule obtains generally that a conveyance to a trustee in trust to provide for the discharge of an obligation of the grantor to the cestui que trust, a power of sale being granted the trustee for that purpose, though in form a deed of trust, will be given effect as a mortgage if the fact is established that it was intended by the parties at the time of its execution so to operate."

In *Bidwell* v. *Paul*, 64 Tenn. (5 Baxt.), 693, 694, it is said: "A deed of trust is in substance a mortgage, through some immaterial differences may be found between them."

In *Lieberman, Loveman & Cohn* v. *Knight*, 153 Tenn., 268, 280, 283 S. W., 450, 453, the court quoted approvingly from *Reid* v. *Bank*, 33 Tenn. (1 Sneed), 262, 274, as follows: "The mortgagee is considered as a creditor, not owner; and the only interest he has in the land, consists in a lien or security for the payment of his debt. It is a mere chattel interest. The mortgagor may exercise the rights of owner, if he do not commit waste or otherwise impair the security."

Following this quotation the court, speaking through Justice Cook, said: "The title that passes to the mortgagee where the mortgagor remains in possession is a potential right to protect the estate from impairment of the security to such extent as would defeat payment of the debt secured. In the exercise of this right the mortgagee can restrain waste by the mortgagor or a third person. He can sue and recover damages for acts done to

the estate which impair the security afforded by it, and can follow things severed from the estate and recover their value if the severance impaired the security. But, in order to justify his recovery in any event, it must appear that he has suffered in consequence of the injury to the estate covered by the mortgage.''

In that case the trustee sued to recover $1,500, the value of timber cut and removed from the land by Lieberman, Loveman & Cohn, who purchased the timber from the grantor or owner. A recovery was denied upon the ground that it did not appear that the removal of the timber reduced the value of the mortgaged property to such extent as would render it insufficient to satisfy the mortgage debt. The trustee, on behalf of the creditor, has a right to institute such a proceeding where necessary to secure or satisfy the debt, but the exercise of such authority is discretionary and not mandatory.

We are aware of no rule of law that makes it the duty of a trustee to institute such a proceeding in order to protect the interest of the original grantor. Under the written contract of the parties the duties of the trustee were simply to advertise and sell the lot in case of default and distribute the proceeds as provided therein. We have been referred to no statute or principle of law that imposes upon a trustee of this character such a duty or responsibility.

The question as to what remedy, if any, the McMurrys had upon the appropriation of this strip of land by the city, is not involved in this proceeding, and we express no opinion with respect thereto. We simply hold that under the facts of this cause neither the bank nor its trustee was under any obligation, contractual or otherwise, to sue the city for this strip of land in order to protect the interests of the McMurrys.

In a supplemental brief filed on behalf of the McMurrys it is said that the case of *Jones* v. *Hamlet,* 34 Tenn. (2 Sneed), 256, supports their contention. That was an action of trover instituted by the trustee to recover for the conversion of personal property, and, under the authorities heretofore cited, he had a perfect right to prosecute that suit. The decision in that case harmonizes with the later decision in *Lieberman, Loveman & Cohn* v. *Knight, supra.* That case, however, does not hold it to be the imperative duty of the trustee to institute suit in the circumstances of the instant cause, that question not being before the court.

For the reasons stated herein the decrees of the other courts are modified to the extent of awarding the Fidelity Bankers Trust Company an additional recovery of $1,500 against A. R. McMurry and wife, Kaptola W. McMurry, together with interest thereon from December 28, 1938, the date of confirmation of the sale by the trustee. The costs accrued in this court and the Court of Appeals will be taxed three-fourths against A. R. McMurry and Kaptola W. McMurry and the remaining one-fourth against Fidelity Bankers Trust Company and M. D. Arnold, Jr., trustee.