WEAKLEY COUNTY *ex rel.* C. H. LITTLE & Co. *et al. v.* PRYOR *et al.*

(*Jackson,* April Term, 1941.)

Opinion filed May 24, 1941.

HOLMES & HOLMES, of Trenton, for complainants.

HARRY E. JONES, of Dresden, for defendants.

MR. JUSTICE DEHAVEN delivered the opinion of the Court.

The original bill herein was filed against a number of persons to enforce the collection of delinquent drainage assessments. N. Y. Harding and the Federal Land Bank of Louisville were among those named as defendants. In the course of the proceedings, tract No. 46, standing in the name of N. Y. Harding, was sold at public sale, to C. H. Little for the sum of $425, the sale being pursuant to an order of the court duly and regularly made. The purchaser complied with the terms of the sale by paying in the purchase price and the sale was regularly confirmed and title diverted out of the owner and vested in the purchaser, C. H. Little, subject to the right of redemption as provided by statute. Thereafter, on June

10, 1939, the Clerk and Master reported to the court that the Federal Land Bank had redeemed the N. Y. Harding tract No. 46, "sold September 23, 1938, to C. H. Little for $425.00, 6% interest September 28, 1938, to June 10, 1939, $18.20—Penalty of 10% $42.50—$485." This report was confirmed by the chancellor, the decree reciting, in part, as follows:

"It further appears to the Court from the record in this cause, that heretofore, by decree of this Court that tract of land shown and designated on the Assessment Roll of the Drainage District as Tract No. 46, and shown to be owned by N. Y. Harding, has been sold to C. H. Little as purchaser; that the Federal Land Bank of Louisville as mortgagee has within the statutory period, redeemed said tract of land by paying into the hands of the Clerk and Master, as shown by the Fund Report above set out, the amount of the purchase price . . ., and that the redeemer has also paid into the hands of the Clerk and Master an additional ten per cent as provided by the statute in amount of $42.50, . . . And upon motion of the purchaser, C. H. Little, to have said Fund paid over to him, it is ordered, adjudged and decreed by the Court that the Clerk and Master retaining the costs of entering this order, will pay over to the said C. H. Little, . . . the amount of the purchase price, Four Hundred Twenty-Five Dollars ($425.00), plus six per cent interest to June 10, 1939, in amount Eighteen Dollars and Twenty Cents ($18.20), aggregating Four Hundred Forty-three Dollars and Twenty Cents ($443.-20), but so much of the motion as seeks to have paid over to the said C. H. Little the purchaser, the additional ten per cent paid in on the redemption is denied; and is ordered, adjudged and decreed that the said purchaser is not entitled to have and receive the said additional ten

per cent in amount Forty-two Dollars and Fifty Cents ($42.50), . . . The ten per cent penalty, or Forty-two & 50/100 Dollars will be by the Clerk paid to N. Y. Harding, or his assignee, upon his receipting his execution Docket therefor. . . ."

From so much of the foregoing decree as denied the motion of C. H. Little to have the ten per cent paid in by the redeemer paid over to him as purchaser, C. H. Little prayed and was granted an appeal to the Court of Appeals.

No question was made in the trial court as to the legal right of the Federal Land Bank to redeem. The above decree expressly recites that it appeared to the court that the Federal Land Bank *"as mortgagee"* had redeemed the tract of land.

The one assignment of error made in the Court of Appeals was that the chancellor erred in adjudging that C. H. Little was not entitled to receive the additional ten per cent ($42.50) paid by the party redeeming.

The Court of Appeals, however, held that N. Y. Harding, being the owner of the tract of land sold, alone, had the right to redeem under the statute, and affirmed the decree of the chancellor on the ground that he reached the correct results.

C. H. Little has filed his petition for writ of *certiorari* to this court and assigned error, which writ has heretofore been granted and the cause set down for argument and argument heard.

(1) It is complained that the Court of Appeals erred in holding that the Federal Land Bank was not entitled to redeem under section 4362 of the Code.

The chancellor adjudged that the Federal Land Bank "as mortgagee" had redeemed the land. The question, then, is whether a mortgagee has such interest as owner

as would entitle it to redeem under the provisions of Code, Sec. 4362, which appears under the title "The Improvement Of Swamp And Overflowed Lands." The material parts of the section in question are as follows:

"4362. Sales for cash subject to redemption upon what time and terms.—When any such sale has been made by decree of the chancery court it shall be made for cash, and the owners of lands so sold shall have two years from the date of the confirmation of such sale in which to redeem the same by paying to the clerk and master of such court making the sale the amount paid by the purchaser of said land, with legal interest thereon, to the date of redemption, and also a further sum equal to ten per centum of the amount so paid by the purchaser for said land; . . ."

Section 4364 is as follows:

"4364 . . . Decree upon redemption; writ of possession.—When such lands are redeemed, and this fact is made satisfactorily to appear to the chancery court, the court shall enter a decree in the cause, adjudging the land so redeemed and declaring it to be the property of the owner so redeeming, or of his heirs or assigns, if redeemed by his heirs or assigns; and if necessary may award a writ of possession to put the person so redeeming in possession of the land."

██ Construing sections 4362 and 4364 together, as, of course, they must be, it is evident that the right of redemption is conferred upon the owner, his heirs or assigns. The Federal Land Bank, as mortgagee, had an interest in the land in question to the extent of the debt secured by the mortgage. It was a purchase for value. *Moore* v. *Walker*, 71 Tenn. (3 Lea), 656. And had to the extent of the money advanced, all the rights of a *bona fide* purchaser. *Chadwell* v. *Wheless*, 74 Tenn. (6 Lea), 312.

And was entitled to the immediate possession, unless it was otherwise provided in the deed. *Metropolitan Life Ins. Co.* v. *Moore*, 167 Tenn., 620, 622, 72 S. W. (2d), 1050. In *Lieberman, etc.* v. *Knight*, 153 Tenn., 268, 280, 283 S. W., 450, 454, the court said:

"The title that passes to the mortgagee where the mortgagor remains in possession is a potential right to protect the estate from impairment of the security to such extent as would defeat payment of the debt secured."

In *Ellis* v. *Reaves*, 94 Tenn., 210, 212, 28 S. W., 1089, it was said: "The ownership of mortgaged property, or of property conveyed in trust, is divided. Neither the mortgagor nor the mortgagee, the maker nor the trustee, is the full and complete owner; each has an interest." (Quoted with approval in *Lieberman, etc.* v. *Knight, supra.*) Thus it is plain that the word "owner," as used in Code, Section 4362, embraces a mortgagee. The Bank, we hold, had the legal right, under the statute, to redeem. The Court of Appeals was in error in holding otherwise and its finding in this respect is disapproved.

(2) It is complained that the Court of Appeals was in error in affirming the decree of the chancellor denying to C. H. Little the ten per centum ($42.50) paid in by the Bank on redemption and awarding the same to N. Y. Harding. While the statute, Code, Section 4362, contains no specific provision for the disposition of the ten per centum, it seems obvious that it is not to be returned to the redeemer. Nor do we think the ten per centum goes to the purchaser. Under Code, Section 4370, a part of the same chapter, in suits by receivers to collect assessments, it is provided that the receiver shall have the authority to give a deed and pass good title to any lands in the district which may be advertised for sale and sold for delinquent taxes "subject only to the rights of the

owner of said lands to redeem said land within two years from the date of said sale, on payment of the amount paid by the purchaser for said land, with legal interest thereon, to the date of redemption." No provision is made in section 4370 for the payment of the additional ten per centum, as is the case in section 4362.

The ten per centum exacted by section 4362 is, we think, in the nature of a penalty and was intended to be for the benefit of the drainage district, and not for the benefit of the purchaser or redeemer, or the owner who defaulted in the payment of the assessments.

It should be stated that the Court of Appeals in its opinion confined its decision to the one question whether the purchaser, Little, is entitled to the 10% of the purchase price paid in by the redeeming Bank. However, the Court discussed at length the right of one other than the owner to redeem, under Code, Section 4362, and stated, "We do not think we would be justified in so holding." Counsel for the Federal Land Bank of Louisville have filed a brief in this court, as *amici curiae,* and stress the importance of the decision involved as affecting its interest as to loans secured by land lying within levee and drainage districts.

The chancellor and the Court of Appeals were in error in decreeing that the $42.50 be paid to N. Y. Harding and on this point the decrees of both the Court of Appeals and the chancellor are reversed and remanded to the Chancery Court of Weakley County.

The costs in this court will be paid by the petitioner, C. H. Little. The costs in the other courts will be paid as adjudged by them.