**In re MARYVILLE SAVINGS & LOAN CORPORATION, Debtor.**

**PEOPLES BANK OF POLK COUNTY**

v.

**John E. McDONALD, Trustee for Debtor.**

Civ. No. 3–83–180.

United States District Court,
E.D. Tennessee, N.D.

June 24, 1983.

Richard P. Jahn, Jr., Tanner, Jahn, Atchley, Bridges & Jahn, P.C., Chattanooga, Tenn., for appellant.

Frank B. Bird, Bird, Navratil & Bird, Maryville, Tenn., for debtor, appellee.

MEMORANDUM

ROBERT L. TAYLOR, Chief Judge.

Plaintiff appeals from a decision of the Bankruptcy Court, 27 B.R. 701, holding that plaintiff failed to perfect its interest in two assignments of promissory notes and trust deeds. The Bankruptcy Court therefore determined that defendant, the trustee in bankruptcy, held a superior interest in the notes.

The parties have stipulated the material facts. The debtor, Maryville Savings and Loan Corporation, secured a loan from plaintiff in 1981. As collateral for the loan, debtor assigned all its interest in certain promissory notes and deeds of trust in real property in Blount County, Tennessee. An additional advance in January 1982 was also secured by a similar "General Assignment of Promissory Notes and Trust Deeds." Plaintiff recorded these documents with the Blount County Register of Deeds. Plaintiff, however, never took actual possession of the notes or deeds of trust.

The issue on appeal is whether the assignments of notes and deeds of trust were secured transactions, subject to the provisions of Article 9 of the Tennessee Commercial Code, Tenn.Code Ann. §§ 47–9–101, et seq. In a lengthy but carefully prepared opinion, the Bankruptcy Judge determined that the commercial code applied. Consequently, plaintiff failed to perfect its interest because it did not take possession of the notes. Tenn.Code Ann. § 47–9–304(1).

The Bankruptcy Court relied primarily on Tenn.Code Ann. § 47–9–102 and the comment 4 thereto. Section 47–9–102 provides as follows:

*Policy and scope of chapter,*—(1) Except as otherwise provided in § 47–9–103 on multiple state transactions and in § 47–9–104 on excluded transactions, this chapter applies so far as concerns any personal property and fixtures within the jurisdiction of this state:

(a) to any transaction (regardless of its form) which is intended to create a

security interest in personal property or fixtures including goods, documents, instruments, general intangibles, chattel paper, accounts or contract rights . . .

(2) This chapter applies to security interests created by contract including pledge, assignment, chattel mortgage, chattel trust, trust deed . . .

(3) The application of this chapter to a security interest in a secured obligation is not affected by the fact that the obligation is itself secured by a transaction or interest to which this chapter does not apply.

Official comment 4 illustrates subsection (3):

The owner of Blackacre borrows $10,-000 from his neighbor, and secures his note by a mortgage on Blackacre. This Article [Chapter] is not applicable to the creation of the real estate mortgage. However, when the mortgagee in turn pledges this note and mortgage to secure his own obligation to X, this Article [Chapter] is applicable to the security interest thus created in the note and the mortgage.

Although the comment example appears analogous to the instant case, the Court believes that it is not controlling here.

Plaintiff urges and the Court agrees that the instant transactions are excluded from the Tennessee Commercial Code by section 47–9–104(j) of the Code. This section provides that the chapter on secured transactions does not apply, "to the creation or transfer of an interest in or lien on real estate, including a lease or rents thereunder." *Id.* The Tennessee courts have liberally applied the exclusion.

In *Commerce Union Bank v. May*, a mortgagee sued to recover a deficiency following default and a fire on uninsured premises. 503 S.W.2d 112 (1973). The Tennessee Supreme Court held that the commercial code defense of unjustified impairment of collateral was not available to the original mortgagor who was liable on a real estate note secured by a deed of trust. The court stated:

The definition of collateral appears only in T.C.A. § 47–9–105 of the UCC, and said definition and the comments thereto make it clear that collateral is confined to tangible and intangible personal property. Even more fundamental is the fact that the UCC does not supersede the law in this state with respect to liens upon real estate.

*Id.* at 117.

Likewise in *Union Livestock Yards, Inc. v. Merrill Lynch, Pierce, Fenner & Smith, Inc.,* the Tennessee Court of Appeals, Eastern Section, determined the rights of parties to receive royalty payments from the lease of a rock quarry. 552 S.W.2d 392 (Tenn.Ct.App.1976). The Court of Appeals held that the judgment creditors of assignors of the right to payment had priority over the assignee. The court refused to apply Article 9 to the transaction, citing the section 47–9–104(j) exclusion for transfers of interests in real property. *Id.* at 397.

In Tennessee, execution and delivery of a deed of trust or mortgage on real property passes legal title to the land to the trustee or mortgagee. *Bertha v. Smith,* 172 Tenn. 180, 183, 110 S.W.2d 474 (1938). Tennessee is therefore known as a "title theory" state. Tennessee courts, however, are not strict in their application of the "title theory". *See Lieberman, Loveman & Cohn v. Knight,* 153 Tenn. 268, 279, 283 S.W. 450 (1926). The doctrine is applied only when necessary to protect the mortgagee's security afforded by the estate. *Id.* The Court believes that the instant case presents such a situation.

Under Tennessee law, the debtor held legal title in the real property at the time it assigned its rights to plaintiff. Plaintiff, after the assignments, took the same interest. These transactions were transfers of interests in real property within the meaning of the Tennessee Commercial Code. The comment to Tenn.Code Ann. § 47–9–102 does not supersede the characterization of the transaction under Tennessee law.

Plaintiff recorded the assignments in good faith, thereby giving notice to the world of its rights in the real property. It

would be manifestly unjust to defeat its interest on these facts. *See Knight,* 153 Tenn. at 279, 283 S.W. 450.

As noted above, the Bankruptcy Court issued a detailed, thorough opinion. While its efforts are commendable, we believe that the relevant points could have been fully addressed in a less lengthy memorandum. As to the merits of the legal issue, we believe that the lower Court simply failed to take adequate consideration of the equities of the action and the liberal interpretation of Tenn.Code Ann. § 47–9–104(j) that the Tennessee courts might give on these facts.

For the foregoing reasons, it is ordered that this case be, and the same hereby is, remanded to the Bankruptcy Court for entry of judgment in favor of plaintiff, Peoples Bank of Polk County.

Order accordingly.